483 S.E.2d 756

**In the Matter of Robert W. HANCOCK, Lee County Magistrate, Respondent.**

**No. 24596.**

Supreme Court of South Carolina.

Submitted March 4, 1997.

Decided March 31, 1997.

Attorney General Charles Molony Condon and Senior Assistant Attorney General Nathan Kaminski, Jr., Columbia, for examiner.

Paul M. Fata, Bishopville, for respondent.

PER CURIAM:

In this judicial disciplinary action, respondent, a Lee County Magistrate, admits he committed acts of misconduct in violation of the Code of Judicial Conduct contained in Rule 501, SCACR. He consents to a public reprimand.

60

On February 23, 1996, Mr. McDonald, a friend of respondent, was arrested and charged with speeding, resisting arrest, and driving under the influence. Respondent conducted a bond hearing for Mr. McDonald on February 24, 1996, and released him from custody on a personal recognizance bond.

Subsequently, respondent had an ex parte conversation with the arresting officer concerning Mr. McDonald's case. Respondent asked the arresting officer for as much help as "you can give me" with the McDonald matter. The arresting officer advised respondent that he would consider dropping the resisting arrest charge, but that he did not think he could dismiss the driving under the influence charge. Respondent told the arresting officer that Mr. McDonald would obtain a change of venue and have a bench trial in Bishopville. During this same time period, respondent telephoned the South Carolina Law Enforcement Division on behalf of Mr. McDonald and requested that it initiate an investigation into Mr. McDonald's allegations that the arresting officer had used excessive force when arresting him.

Respondent has violated the Code of Judicial Conduct by failing to maintain and observe high standards of conduct to preserve the independence and integrity of the judiciary (Canon 1); by failing to conduct himself in a manner that promotes public confidence in the integrity and impartiality of the judiciary (Canon 2(A)); by allowing a social relationship to influence his judicial conduct and judgment (Canon 2(B)); by initiating ex parte communications concerning a pending or impending proceeding (Canon 3(A)(4)); and by failing to disqualify himself in a proceeding in which his impartiality might reasonably be questioned (Canon 3(C)(1)).

Public confidence in the judiciary is eroded by improper conduct like that displayed by respondent. Accordingly, we publicly reprimand him for his conduct.

PUBLIC REPRIMAND.

FINNEY, C.J., not participating.